**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: The Adoption of I.R.
**No. 22-0418** (Kanawha County No. 22-A-55)

## MEMORANDUM DECISION

Petitioner R.R.[1] appeals the April 29, 2022, and June 7, 2022, orders of the Circuit Court of Kanawha County that dismissed R.R.'s petition for adoption. The respondent is the West Virginia Department of Health and Human Resources ("DHHR").[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner R.R. is the mother of an adult daughter, E.R. (the "daughter"). The daughter is the biological mother of now three-and-a-half-year-old I.R. (the "child."). Soon after the child's birth in September of 2019, DHHR initiated abuse and neglect proceedings against petitioner's daughter, took custody of the child, and placed the child with foster parents. The child has resided with those foster parents ever since, and the foster parents have since adopted the child.

When the child was born, petitioner had been estranged from her daughter for years. In November of 2019, when the child was approximately two months old, petitioner learned that her daughter had a child who was in DHHR's care. Petitioner called DHHR to ask that the child be placed with her. That same day, a DHHR worker conducted a home visit. The worker noted problems that needed to be remedied before petitioner could be considered for placement. While petitioner contends she remedied the problems, the DHHR worker concluded that petitioner's home was not a proper or suitable placement for I.R.

In February of 2020, five months after I.R.'s birth, petitioner filed a motion to intervene in her daughter's abuse and neglect proceeding, asserting that DHHR had erred when it failed to consider her for placement of the child. By the time petitioner filed her motion to intervene, the circuit court had terminated the daughter's parental rights to the child and the foster parents' adoption of the child was in progress. The circuit court ruled that petitioner's motion to intervene was untimely and petitioner's intervention was not in the child's best interests despite the biological relationship. Petitioner appealed, but this Court affirmed on January 31, 2022. *In re I.R.*, No. 20-0512, 2022 WL 279015 (W. Va. Jan. 31, 2022) (memorandum decision). We noted that

---

[1] Because this case involves a child and sensitive matters, we follow our practice of using initials to refer to the child and the parties. *See* W.Va. R. App. P. 40(e).

[2] Petitioner is represented by Richard A. Robb, and respondent is represented by Attorney General Patrick Morrisey and Assistant Attorney General James "Jake" Wegman.

1

petitioner had "never cared for or met the child" and, on the record presented, was not entitled to intervene in the abuse and neglect action. *Id.* at *3.

Six weeks later, on March 14, 2022, petitioner filed the instant petition to adopt the child. She raised many of the same arguments she made in her motion to intervene, namely that DHHR erred when it failed to consider her for placement. In a detailed and well-reasoned order dated April 29, 2022, the circuit court dismissed petitioner's adoption petition, finding it was not in the child's best interests and petitioner had failed to meet the requirements of the adoption statute, West Virginia Code § 48-22-501. The circuit court also noted that while West Virginia Code § 49-4-114(3) mandates a preference that DHHR place an adoptable child with a suitable and willing grandparent, that preference is not absolute. The circuit court found the child had been in the custody of the now-adoptive parents who had loved and supported the child for nearly the child's whole life. The circuit court concluded that "[w]hile Petitioner may be a doting grandmother, she is a doting grandmother who has never had any interaction with the minor child." In a subsequent order dated June 7, 2022, the circuit court denied petitioner's motion to amend the April 29, 2022, order.

Petitioner now appeals the circuit court's orders. We apply the following standards of review:

> "'In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W. Va. 108, 492 S.E.2d 167 (1997)." Syllabus Point 1, *In re the Adoption of Jon L.*, 218 W. Va. 489, 625 S.E.2d 251 (2005).

Syl. Pt. 1, *In re Adoption of H.G.*, 246 W. Va. 105, 866 S.E.2d 170 (2021).

Petitioner makes a broad argument for why the circuit court erred.[3] First, petitioner contends that DHHR made no effort to locate the petitioner-grandmother in the underlying abuse

---

[3] We note that petitioner's brief does not strictly comply with Rule 10 of the West Virginia Rules of Appellate Procedure. Rule 10(c)(3) requires a brief to open with a list of succinct assignments of error "to alert the Court to the singular issue or issues that may have adversely affected the outcome before the trial court." *Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 501, 859 S.E.2d 438, 444 (2021). Moreover, "Rule 10(c)(7) mandates that the brief contain an argument section which has separate, distinct contentions corresponding to each of the aforementioned assignments of error[.]" *Id.* The assertions contained in the argument section of petitioner's brief do not clearly correspond with the lengthy assignments of error, thereby hindering this Court's analysis of the parties' positions. We repeat our admonition that "[l]awyers who fail to follow our appellate rules inevitably generate a disjointed, poorly written, or difficult to understand brief, and they should not anticipate that this Court will find or make their arguments for them." *Id.* at 502, 859 S.E.2d at 445.

and neglect action. She contends that while West Virginia Code § 49-4-301(b)(2)(1) required DHHR to make "[a]ll reasonable efforts to make inquiries and arrangements with . . . relatives" before placing the child with foster parents, DHHR's efforts to find petitioner were abysmal. Second, petitioner points out that West Virginia Code § 49-4-114(a)(3) requires that DHHR "shall first consider the suitability and willingness of any known grandparent or grandparents to adopt the child." Petitioner contends DHHR disregarded this statutory grandparent preference, and that the circuit court therefore erred in allowing the foster parents to retain custody (and subsequently adopt the child). Finally, while petitioner concedes that she has never had custody of the child, she asserts this could easily be rectified by DHHR placing the child with her.

We reject petitioner's arguments and find no error in the circuit court's order. West Virginia Code § 49-4-114(a)(3) creates a "grandparent preference" and "contemplates that placement with grandparents is presumptively in the best interests of the child[.]" Syl. Pt. 4, in part, *Napoleon S. v. Walker*, 217 W. Va. 254, 617 S.E.2d 801 (2005). However, "[t]he preference is just that – a preference. It is not absolute . . . the child's best interest remains paramount[.]" *In re K.E.*, 240 W. Va. 220, 225, 809 S.E.2d 531, 536 (2018). Simply stated, "[t]he grandparent preference must be considered in conjunction with our longstanding jurisprudence that 'the primary goal in cases involving abuse and neglect . . . must be the health and welfare of the children.'" *In re Hunter H.*, 227 W. Va. 699, 703, 715 S.E.2d 397, 401 (2011) (quoting Syl. Pt. 3, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)). The preference for grandparent placement may be overcome when the record "establishes that such placement is not in the best interests of the child." *Napoleon S.*, 217 W. Va. at 256, 617 S.E.2d at 803, Syl. Pt. 4, in part. In both this case and in the daughter's underlying abuse and neglect action, the circuit court determined that placement with the petitioner-grandmother was not in the best interests of the child. The circuit court's decision regarding the abuse and neglect action was affirmed by this Court on appeal, is res judicata, and may not be collaterally attacked in a subsequent proceeding. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997) (outlining principles of res judicata).

Furthermore, West Virginia Code § 48-22-501 contains several prerequisites to the filing and approval of an adoption petition, two of which petitioner failed to meet. First, the statute requires proof "the child has lived with the adoptive parent or parents for a period of six months[.]" Petitioner never offered any such proof because the record shows she has never met the child and has never lived with the child for any period of time, let alone the six-month statutory requirement. Second, the statute requires proof that petitioner has received "all necessary consents or relinquishments." West Virginia Code § 48-22-301 explains that when parental rights have been terminated in an abuse and neglect action, then consent or relinquishment is required of the legal guardian or of any other person having legal custody of the child at the time. The record in this case is clear that petitioner did not obtain either consent or relinquishment by the child's foster parents. Instead, the record indicates the foster parents have themselves adopted the child. Accordingly, because petitioner did not meet the clear requirements of West Virginia Code § 48-22-501, the circuit court did not err when it dismissed the petition for adoption.

Affirmed.

**ISSUED:** May 2, 2023

3

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn